IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00010-KDB-DSC

| | |
|---|---|
| SCOTT ALMINIANA et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss for Failure to State a Claim" (Doc. 16) and the parties' briefs and exhibits. The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss for Failure to State a Claim be <u>granted</u> as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the factual allegations of the Complaint (Doc. 1) as true, this is an action brought by Plaintiffs against Defendant for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as various state wage laws. Plaintiffs Rebecca McPhee, Katie Shook, and Iris Tirado are former employees of Defendant Lowe's Home Centers LLC, a retail company specializing in home improvements. In February 2018, Defendant paid a one-time bonus to its hourly employees in the United States as a show of appreciation and in effort to share the savings

1

it realized as a result of 2017 federal tax reforms. The amount received by each hourly employee, ranging from $75 to $1,000, was based upon consideration of two factors: (1) whether the employee was part-time or full-time and (2) the number of years the employee worked for the company. The bonus was not included in Plaintiffs' regular rates of pay for purposes of computing overtime compensation.

In 2016, Defendant implemented a Give Back Time policy that provided eligible employees with paid leave to volunteer their time to charitable organizations. The policy states, "Lowe's provides you with eight (8) hours of Give Back Time to use in your community so that you can make an impact in areas that are important to you." Defendant compensates hourly employees using approved Give Back Time at one hundred per cent of their hourly base rate of pay, but the policy provides that Give Back Time is not used in calculating overtime hours. Defendant does not require its employees to work volunteer hours under its Give Back Time policy or to work for any specific charitable organization. The time Plaintiffs spent volunteering under the Give Back Time program was not included in calculating their overtime pay.

On January 30, 2020 Plaintiffs, individually and on behalf of all others similarly situated, brought a collective and class action Complaint against Defendant. Doc. 1. On April 6, 2020 Defendant filed a 12(b)(6) Motion to Dismiss Plaintiffs' claims. Doc. 16.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (alleging that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation." Id. at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . ." Id.; see also Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213

3

F.3d 175, 180 (4th Cir. 2000) (explaining that while the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Iqbal at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

**A. Defendant Properly Excluded the Tax-Reform Payment from the Regular Rate as a Gift Under FLSA Section 207(e)(1)**

The FLSA requires employers to compensate non-exempt employees with overtime pay "at a rate not less than one and one-half times" the employee's regular rate for hours worked in excess of forty in a week. 29 U.S.C. § 207(a). An employee's "regular hourly rate...is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 788.109. But the FLSA expressly exempts certain types of remuneration from the calculation of an employee's regular rate. 29 U.S.C. § 207(e). Although Plaintiffs claim these exclusions should be construed narrowly against employers, see, e.g., Doc. 1, the Supreme Court has rejected that approach. See Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018) ("Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give them anything other than a far (rather than a narrow) interpretation." (internal quotations and alterations omitted)).

Plaintiffs claim that Defendant "misclassified" the tax reform bonus payment as discretionary and improperly excluded the bonus from its "regular rate" calculation. Doc. 1. Plaintiffs argue that the bonus was non-discretionary because Defendant told its employees about it in advance. Id. But Defendant properly excluded the one-time payment from its calculation of the regular rate of pay for U.S. hourly employees because it was a "gift" as contemplated by Section 207(e)(1). "[S]ums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency" are not included in the "regular rate" calculation. 29 U.S.C. § 207(e)(1). The regulations further clarify that a bonus may qualify as a "gift,"

> even though it is paid with regularity so that the employees are led to expect it and even though the amounts paid to different employees or groups of employees vary

with the amount of the salary or regular hourly rate of such employees or according to their length of service with the firm so long as the amounts are not measured by or directly dependent upon hours worked, production, or efficiency.

29 C.F.R. § 778.212(c). Thus, where no contractual or other prior obligation to pay the bonus exists, the crux of the analysis in determining whether a bonus is a "gift" is whether it was paid based upon some measure of performance.

In Meyer v. City of Raleigh, the City awarded bonuses two years in a row to all its employees as a direct result of revenue increases occurring in those years. No. 5:99-cv-324-BO, LEXIS 25215 *1, *27 (E.D.N.C. Aug. 10, 2001). The employees claimed the City improperly failed to include the bonuses in their regular rates of pay, and the City moved for summary judgment. Id. In granting summary judgment to the City, the court noted the "gift" exclusion set forth in Section 207(e)(1) and held that the annual bonuses were "in the nature of gifts" from the City to its employees because they were not measured by employee performance. Id. at *27-28.

Longevity payments satisfy the requirements for exclusion under Section 207(e)(1) so long as they are not tied to hours, productivity or efficiency or otherwise guaranteed. 29 CFR § 778.212(c) ("A Christmas bonus paid (not pursuant to contract) in the amount of two weeks' salary to all employees and an equal additional amount for each 5 years of service with the firm, for example, would be excludable from the regular rate under this category."); see also Moreau v. Klevenhagen, 956 F.2d 516, 521 (5th Cir. 1992) (holding that longevity payments, which were paid monthly and calculated based upon each deputy's tenure, were properly excluded from deputies' regular rates of pay because they "[were] not measured by or dependent on hours worked, production or efficiency" and were therefore gifts).

Like the bonuses at issue in Meyer and Moreau, the tax reform bonus Defendant paid to its hourly employees was a gift or in the nature of a gift, and not measured by or dependent upon

their hours, productivity, efficiency or other aspects of performance. The bonus was a one-time payment on a special occasion (following the passage of a tax relief bill) to all U.S. employees with "hourly" status and served no purpose other than acknowledging those employees for "making a difference every day." Accordingly, the tax reform bonus was a "gift" properly excluded from the calculation of the regular rate of pay, and Plaintiffs' claims for violations of the FLSA based upon Defendant's tax reform bonus must be dismissed.

Because the state laws of Massachusetts, New York, Oregon, and Pennsylvania, under which Plaintiffs bring Counts II through V of their Complaint, define "regular rate" and articulate exclusions consistently with or with express incorporation of federal statutes and regulations, the undersigned recommends dismissal of those Counts based upon Plaintiffs' failure to state claims under the laws of those states. See 454 Mass. Code. Regs. 27.03(3); 12 NYCRR § 142-2.2; OAR 839-020- 0030; ORS 653.261(1); 34 Pa. Code § 231.43.

## B. Defendant Properly Excluded Plaintiffs' Paid Volunteer Hours from the Regular Rate Under Section 207(e)(2)

### 1. Paid Volunteer Hours Are Not Included for the Purposes of Calculating an Employee's Regular Rate of Pay

The FLSA expressly excludes from the regular rate of pay any "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause," or "similar payments...not made as compensation for his hours of employment." 29 U.S.C. § 207(e)(2). The regulations provide further guidance on which types of payments are excluded under this section:

> Payments which are made for occasional periods when the employee is not at work due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause, where the payments are in amounts approximately equivalent to the employee's normal earnings for a similar period of time, are not made as compensation for his hours of employment.

29 C.F.R. § 778.218(a). The regulations offer additional detail regarding the "other similar cause" category, identifying several examples:

> *Other similar cause*. The term "other similar cause" refers to payments made for periods of absence due to factors like holidays, vacations, sickness, and failure of the employer to provide work. Examples of "similar causes" are absences due to jury service, reporting to a draft board, attending a funeral, inability to reach the workplace because of weather conditions, attending adoption or child custody hearings, attending school activities, donating organs or blood, voting, volunteering as a first responder, military leave, family medical leave, and nonroutine paid leave required under state or local laws. Only absences of a non-routine character which are infrequent or sporadic or unpredictable are included in the "other similar cause" category.

29 C.F.R. § 778.218(d).

A plain reading of the FLSA and regulations supports excluding Give Back Time from Defendant's overtime hour and regular rate of pay calculations. First, the use of Give Back Time constitutes an occasional period where an employee is paid for time he or she is not at work. 29 C.F.R. § 778.218(a). Second, Defendant compensates employees using Give Back Time at their regular hourly rate of pay, consistent with the regulation's requirement that compensation received for such time be "approximately equivalent to the employee's normal earnings for a similar period of time." Id. Third, Give Back Time is comparable to time spent "volunteering as a first responder" and consistent with the examples of "other similar causes" of non-working time excluded from the regular rate and overtime calculations. See id. at § 778.218(d). Accordingly, Defendant properly excluded Give Back Time from the overtime calculations as hours for which employees received compensation for performing no work.

**2. Give Back Time Hours Dedicated to Third-Party Non-Profit Organizations Are Not "Hours Worked" for the Benefit of Defendant or Its Business**

Give Back Time is not "hours worked" for the purposes of the FLSA because it is not required by Defendant, nor is it time spent for the primary benefit of Defendant and its business.

8

Case 5:20-cv-00010-KDB-DSC    Document 43    Filed 07/29/20    Page 8 of 11

In Harbourt v. PPE Casino Resorts Md., LLC, 820 F.3d 655 (4th Cir. 2016), the Court held that the plaintiffs, dealer trainees for PPE Casino Resorts, "alleged sufficient facts to state a claim that the Casino violated the FLSA." Id. at 661. The Fourth Circuit interpreted "hours worked" to mean "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Id. at 658 (internal quotations omitted). In Benshoff v. City of Virginia Beach, 180 F.3d 136 (4th Cir. 1999), the Fourth Circuit considered whether the City must pay overtime to firefighters who volunteered for private, self-governed rescue squads. Id. at 139-40. The plaintiffs argued, among other things, that the city was the primary beneficiary of their work for the rescue squads. Id. at 145. The Fourth Circuit disagreed, holding that the "primary and necessary beneficiaries" of the plaintiffs' work were the rescue squads to which they volunteered their time. Id.

Although Defendant supports the charitable work of its employees, volunteering under its Give Back Time program is neither required nor controlled by Defendant's policy. Plaintiffs' Complaint cites to a series of cases that are easily distinguished, as they contemplate scenarios not present here- whether a volunteer is an employee of the charitable organization for which he volunteers (Cleveland v. City of Elmendorf, Tex., 388 F.3d 522 (5th Cir. 2004)); whether the employer must pay for volunteer work performed for the employer (Purdham v. Fairfax County Sch. Bd., 637 F.3d 421) (4th Cir. 2011)); and whether a joint employment relationship exists between the charitable organization and the employer ( Biziko v. Van Horne, No. 1:16-CV-0111-BP, LEXIS 143673 *1 (N.D. Tex. Aug. 20, 2019)). Doc. 1.

**C. Plaintiffs' Duplicative Unjust Enrichment Claim Must Also Be Dismissed.**

Plaintiffs' unjust enrichment claim must also be dismissed because it is duplicative of and dependent upon the FLSA claims which provide the exclusive remedy for violations of federal overtime laws. See Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007) (affirming dismissal of state common law claims premised on alleged FLSA violations as preempted by federal law); see also Choimbol v. Fairfield Resorts, Inc., No. 2:05cv463, 2006 WL 2631791 *1, *5-6 (E.D. Va. Sept. 11, 2006) (dismissing unjust enrichment claims premised on FLSA overtime claims).

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion to Dismiss for Failure to State a Claim" (Doc. 16) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: July 29, 2020

David S. Cayer
United States Magistrate Judge