IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00010-KDB-DSC

| | |
|---|---|
| SCOTT ALMINIANA, ET. AL, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, <br><br> Defendant. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendant Lowe's Home Centers, LLC's ("Lowe's") Motion to Dismiss (Doc. No. 16), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered July 29, 2020, (Doc. No. 43) and Plaintiffs' Objection to the M&R, (Doc. No. 44). The Court has carefully considered this motion, the parties' briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the recommendation to grant Lowe's motion is correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the Motion to Dismiss will be **GRANTED**.

I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to remand. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo*

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. DISCUSSION

In this putative collective and class action, Plaintiffs, who are former Lowe's employees, assert that Lowe's, a national home improvement retailer, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as various state wage and hour laws. Plaintiffs' claims for alleged unpaid overtime pay relate to two sets of payments made by Lowe's – a one-time bonus paid to employees following the 2017 federal tax reforms and a Give Back Time policy that paid employees for up to eight hours of time spent volunteering for charitable organizations. Neither payment obligates Lowe's to pay additional overtime wages.

With respect to the "tax reform bonus," on February 1, 2018, Defendant announced that on February 16, 2018 it would pay a one-time bonus to its hourly employees in the United States as a show of appreciation for their service and to share some of the savings it was going to realize as a result of 2017 federal tax reforms. The amount received by each hourly employee, ranging from $75 to $1,000, was based upon consideration of two factors: (1) whether the employee was part-time or full-time and (2) the number of years the employee worked for the company. The bonus was not included in Plaintiffs' regular rates of pay for the purpose of computing overtime compensation.

The M&R concluded that Lowe's properly excluded these bonus payments from the employees' regular rate of pay as a "gift" under Section 207(e)(1) of the FLSA. The Court agrees. "[S]ums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on

3

hours worked, production, or efficiency" are not included in the "regular rate" calculation. 29 U.S.C. § 207(e)(1); *see also* 29 C.F.R. § 778.212(c) ("gift" bonuses need not be included in regular pay even though employees may expect the bonuses and even though the amounts paid to different employees or groups of employees vary according to their length of service with the firm so long as the amounts are not measured by or directly dependent upon hours worked, production, or efficiency). Lowe's bonus payments following the 2017 change in the tax laws clearly fit within this "gift" category, as the bonus was not required by any contract or agreement with employees nor was it based on any measure of performance. Accordingly, Lowe's was not, as a matter of law, required to include the bonus in the calculation of its employees' regular pay.

In response to this statutory clarity, Plaintiffs argue that the bonus was "non-discretionary" because Lowe's told its employees about the bonus in advance and further asks the Court to find that the payment can plausibly be considered to be a "stay bonus" because they allege that the bonus was only to be paid to employees at the time of the payment. However, the time period between the announcement of the bonus payment and its payment was very short – only about two weeks – and there was no requirement for employees to continue to work for Lowe's after the bonus was paid. The Court finds that there is no legal requirement in the FLSA that an employer must pay a bonus as a total surprise with no advance announcement for it to be excluded as a gift, and Plaintiff has cited to no authority for such an impractical rule. Similarly, Plaintiff's argument that a two week period between announcement and payment could be held to be a "stay bonus" is also unsupported by any legal authority (and implausible on its face under the alleged

4

circumstances).[1] Therefore, the Court adopts the M&R's finding that Lowe's tax bonus payments were properly excluded from its employees' regular rate of pay under the FLSA and likewise did not violate any state wage and hour law.

Lowe's Give Back Time policy also does not obligate Lowe's to pay additional overtime wages. The policy states, "Lowe's provides you with eight (8) hours of Give Back Time to use in your community so that you can make an impact in areas that are important to you." Lowe's compensates hourly employees using approved Give Back Time at one hundred percent of their hourly base rate of pay, but the policy specifically provides that Give Back Time is not used in calculating overtime hours. Defendant does not require its employees to work volunteer hours under its Give Back Time policy or to work for any specific charitable organization.

The FLSA expressly excludes from the regular rate of pay any "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause," or "similar payments...not made as compensation for his hours of employment." 29 U.S.C. § 207(e)(2). The regulations provide further guidance on which types of payments are excluded under this section:

> Payments which are made for occasional periods when the employee is not at work due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause, where the payments are in amounts approximately equivalent to the employee's normal earnings for a similar period of time, are not made as compensation for his hours of employment.

---

[1] For example, Plaintiffs have not alleged that Lowe's had any particular reason to have all its employees remain employed during the first two weeks in February 2018 (beyond its normal interest in retaining employees every day), such as a pending transformative merger or other corporate transaction. In effect, Lowe's did nothing more than simply tell its employees that the bonus would be paid very soon.

29 C.F.R. § 778.218(a). The regulations offer additional detail regarding the "other similar cause" category, identifying several examples:

> *Other similar cause*. The term "other similar cause" refers to payments made for periods of absence due to factors like holidays, vacations, sickness, and failure of the employer to provide work. Examples of "similar causes" are absences due to jury service, reporting to a draft board, attending a funeral, inability to reach the workplace because of weather conditions, attending adoption or child custody hearings, attending school activities, donating organs or blood, voting, volunteering as a first responder, military leave, family medical leave, and nonroutine paid leave required under state or local laws. Only absences of a non-routine character which are infrequent or sporadic or unpredictable are included in the "other similar cause" category.

29 C.F.R. § 778.218(d).

Thus, like the tax bonus, a plain reading of the FLSA and regulations supports excluding Give Back Time from Defendant's overtime and regular rate of pay calculations. As explained in the M&R: First, the use of Give Back Time constitutes an occasional period where an employee is paid for time he or she is not at work. 29 C.F.R. § 778.218(a). Second, Defendant compensates employees using Give Back Time at their regular hourly rate of pay, consistent with the regulation's requirement that compensation received for such time be "approximately equivalent to the employee's normal earnings for a similar period of time." *Id.* Third, Give Back Time is comparable to time spent "volunteering as a first responder" and consistent with the examples of "other similar causes" of non-working time excluded from the regular rate and overtime calculations. *See id.* at § 778.218(d).

The M&R is also clearly correct in its conclusion that Give Back Time is not "hours worked" for the purposes of the FLSA. The Fourth Circuit interprets "hours worked" to mean "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Harbourt*

6

*v. PPE Casino Resorts Md.*, LLC, 820 F.3d 655, 658 (4th Cir. 2016). While employees may well be encouraged to volunteer, they are not required to do so, nor is their volunteer time spent primarily to benefit Lowe's and its business. In their objections, Plaintiffs argue that Lowe's willingness to provide this benefit was not altruistic; that is, that Lowe's had a number of business reasons for paying its employees for their volunteer time – such as appealing to its employees' desire to improve their communities and burnish its own corporate reputation. However, Lowe's reasons for the policy[2] don't change the fact that the time employees spend working for charitable organizations is not time that is required or controlled by Lowe's nor is it "primarily" for the benefit of Lowe's. Rather, the time worked for charitable organizations primarily benefits those organizations. Accordingly, Defendant properly excluded Give Back Time from its overtime calculations.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court adopts the findings and conclusions of the M&R and accepts its recommendation to grant Defendant's motion;

2. Defendant's Motion to Dismiss (Doc. No. 16) is **GRANTED;**

3. The Plaintiff's claims in this action are dismissed with prejudice;[3] and

---

[2] Similarly, companies have good business reasons to provide vacation and holiday pay, such as attracting and retaining employees, promoting morale and productivity, etc., but the FLSA mandates that such benefit payments are not included in regular pay for the purpose of computing overtime compensation.

[3] While Plaintiff's Motion to Amend their Complaint is not before the Court because it was decided by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed Plaintiffs' proposed amendment to its Complaint in connection with this Order and notes that allowing the proposed amendment would not change its ruling.

4. The Clerk is directed to close this matter in accordance with this Order;

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 22, 2020

Kenneth D. Bell
United States District Judge